IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Warren Pendleton and Donnell Todd, as brothers and next best friends of Jeffrey Pendleton,<br><br>*Plaintiffs,*<br><br>-vs-<br><br>Thomas Dart, Sheriff of Cook County, and Cook County, Illinois,<br><br>*Defendants.* | No. 20-cv- |

## COMPLAINT

Plaintiffs Warren Pendleton and Donnell Todd, by counsel, allege as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Jeffrey Pendleton, deceased, is a former detainee at the Cook County Jail. He is survived by his brothers Warren Pendleton and Donnell Todd. They sue for claims arising prior to Pendleton's death while hospitalized in the custody of the Cook County Sheriff at John H. Stroger Jr. Hospital for COVID-19. Plaintiffs, once the Circuit Court of Cook County reopens for normal business, will seek to be appointed Independent Administrators of the estate of Jeffrey Pendleton.

3. Defendant Thomas Dart is the Sheriff of Cook County. Plaintiffs sue Dart in his official and individual capacity.

4. Defendant Cook County shares responsibility with defendant Dart for caring for detainees hospitalized at Stroger and is joined in this action pursuant to *Carver v. Sheriff of LaSalle County*, 324 F.3d 947 (7th Cir. 2003).

5. On March 30, 2020, Pendleton, while in the Sheriff's custody, was transferred to Stroger Hospital to be treated for COVID-19.

6. Whenever an inmate is hospitalized outside the Jail, Dart's policy requires the inmate to be shackled, hand and foot, to the bed despite the 24-hour presence of an armed guard. This policy, which has been disseminated to inmates, is below:

> It is the policy of the C.C.D.O.C. that all inmates in custody at outlying hospitals will be hand-cuffed and shackled with direct supervision from officers the entire time as a safety and security procedure.

Exhibit 1, Grievance at 2-3.

7. Sheriff Dart has personal knowledge seriously ill inmates at all outlying hospitals are shackled by hand and foot to the hospital bed pursuant to his official policy. In 2016, Dart defended the application of this policy applied to a quadriplegic in *Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016).

8. Dart applied his restraint policy to Pendleton while dying from COVID-19. Pendleton passed away after a six day battle with COVID-19 at Stroger Hospital.

9. The Sheriff's Office has been on notice since at least 2000 that the shackling, by hand and foot, of seriously ill inmates to beds at outlying hospitals may violate the Fourteenth Amendment. *See May v. Sheahan*, 226 F.3d 876 (7th Cir. 2000).

10. Dart's shackling policy, applied to Pendleton, was excessive, caused gratuitous pain, and violated his rights under the Fourteenth Amendment to the United States Constitution.

11. As of April 8, 2020, 22 COVID-19 inmates are hospitalized outside the Jail. Based on data published by the Sheriff shown below, the number of hospitalized inmates, unfortunately, will increase:

### COVID-19 Cases at CCDOC

Home > COVID-19 Cases at CCDOC

As of 5 p.m. on 04/8/2020:

- 251 detainees have tested positive. This includes:
    - 22 who are being monitored and treated at local hospitals.
    - 31 who have been moved to a recovery facility.
- 44 detainees have tested negative.
- 1 detainee has died of apparent complications due to COVID-19. An official cause of death is pending autopsy.

Additionally, 150 Sheriff's Office staff have tested positive.

12. There is no adequate remedy at law for Dart's restraint of COVID-19 patients at outlying hospitals.

13. Plaintiffs bring this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure to obtain prospective relief for all inmates hospitalized outside the Jail with COVID-19 subject to Dart's shacking policy.

14. Plaintiffs also seek damages individually and for all others similarly situated and request that the Court allow this case to proceed as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for inmates hospitalized outside the Jail for COVID-19 subject to Dart's shackling policy.

It is therefore respectfully requested that the Court grant appropriate injunctive relief for a class of COVID-19 inmates hospitalized outside the Jail in accordance with Dart's shackling policy, that appropriate damages be awarded to plaintiffs and each member of the proposed class, and that the Court also grant whatsoever other relief as may be appropriate, including an award of attorney's fees and costs.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey
Thomas G. Morrissey, Ltd.
10150 S Western Ave. Ste. Rear
Chicago, IL. 60643
(773) 233-7900
patrickmorrissey1920@gmail.com